**SIGNED this 27 day of November, 2017.**



*James P. Smith*
**James P. Smith**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | CASE NO. 17-50626-JPS |
| PHILLIP B. JONES, | : | |
|     Debtor | : | |
| | : | |
| WALTER W. KELLEY, Trustee | : | ADVERSARY PROCEEDING |
|     Plaintiff | : | NO. 17-05027 |
| | : | |
| v. | : | |
| | : | |
| USAA FEDERAL SAVINGS BANK, | : | |
|     Defendant | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

    For Plaintiff:    Thomas D. Lovett
        Kelley, Lovett, Blakey & Sanders, P.C.
        Post Office Box 1164
        Valdosta, Georgia 31603-1164

    For Defendant:    Walter E. Jones
        Christopher S. Anulewicz
        Balch & Bingham, LLP
        30 Ivan Allen Jr. Blvd., N.W.
        Suite 700
        Atlanta, Georgia 30308

**MEMORANDUM OPINION**

In this adversary proceeding, Trustee seeks to avoid Defendant's interest in real property arising from a security deed in Defendant's favor.  Because the recorded copy of the security deed is not signed by Debtor, Trustee contends that the security deed does not provide notice of Defendant's interest to a bona fide purchaser and is therefore avoidable under 11 U.S.C. § 544(a)(3).  Trustee has moved for summary judgment.  Having considered the briefs filed by counsel, the law and the arguments of counsel at a hearing on November 13, 2017, the Court now publishes its opinion.

**FACTS**

There are no genuine issues of material fact in dispute.  On July 31, 2014, Debtor executed and delivered to Defendant a promissory note in the original principal sum of $80,000.  To secure this obligation, on August 20, 2014, a security deed was filed in the real estate records in the Office of the Clerk of Superior Court of Houston County, Georgia, at Deed Book 6637, Pages 108-121.  The security deed is dated July 31, 2014.  Debtor and Elizabeth Rice ("Rice") are the grantors and "MERS" (Mortgage Electronic Registration Systems, Inc.) is the grantee, acting as nominee for USAA Federal Savings Bank, Defendant. The description of the property conveyed by the security deed includes its street address, 141 Morton Road, Kathleen, Georgia 31047, and the county, Houston County.    The pages of the security deed are numbered at the bottom of each page.  Deed Book 6637, Page 119 is Page 12

of the security deed. Deed Book 6637, Page 120 is Page 14 of the security deed.[1] Page 13 of the security deed, which supposedly was the signature page for the grantors, is missing and not recorded. Neither party has been able to determine why the grantors' signature page is missing or not recorded.

Filed contemporaneously with the security deed, at Deed Book 6637, Pages 122-123, is an Acknowledgment and Waiver of Borrower's Rights Rider (the "Waiver"). This document is signed by Debtor and Rice, and properly attested by unofficial and official witnesses. The Waiver is dated July 31, 2014. According to its terms, it:

> ...is incorporated into and shall be deemed to amend and supplement the...Security Deed...of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to USAA Federal Savings Bank, a Federally Chartered Savings Bank (the "Lender") of the same date and covering the property described in the Security [Deed] and located at: 141 Morton RD, Kathleen, Georgia 31047.

Also filed contemporaneously with the Security Deed, at Deed Book 6637, Page 124, is a signed and notarized Closing Attorney's Affidavit stating that, at the closing, the closing attorney explained to the "Borrower(s)" their rights and that the Borrowers executed the Security Deed and Waiver.

Debtor filed a Chapter 7 bankruptcy petition on March 23, 2017. Trustee is the duly appointed trustee in the case.

## CONCLUSIONS OF LAW

Trustee seeks to avoid Defendant's interest in real property arising from the recorded

---

[1] Page 14, which is the attestation page, is signed by an unofficial witness and signed and sealed by a notary public.

but defective security deed.  Under 11 U.S.C. § 544(a)(3)[2], the trustee has the rights of a bona fide purchaser of real property as of the commencement of the bankruptcy case.  "State law determines the extent of the powers of a bona fide purchaser of real property." Gordon v. U.S. Bank, N.A. (In re Hagler) 429 B.R. 42, 46 (Bankr. N.D. Ga. 2009).  Trustee and Defendant agree that Georgia law is the applicable state law.

When the subject security deed was filed, O.C.G.A. § 44-5-30 provided that "...a deed to lands shall be an original document, in writing, signed by the maker and attested by at least two witnesses..."[3]  Further, O.C.G.A. § 44-14-33 provided:

> In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness.  In the absence of fraud, if a mortgage is duly filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers.

---

[2]     Section 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
> ...
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

[3]  This code section, as well as sections 44-14-33 and 44-14-61, were amended after the recordation of the subject security deed.  None of the amendments are relevant to the case at bar.  The statutes in this opinion are quoted in the form in which they existed when the subject security deed was recorded.

5

Similarly, O.C.G.A. § 44-14-61 provided:

> In order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages.

In <u>U.S. Bank, N.A. v. Gordon</u>, 289 Ga. 12, 14, 709 S.E. 2d. 258, 260-61 (2011) the Supreme Court of Georgia held that the second sentence of § 44-14-33, dealing with constructive notice with respect to mortgages, is applicable to security deeds. The court also held that:

> [T]he first sentence of OCGA § 44-14-33 and the statutory recording scheme indicate that the word "duly" in the second sentence of OCGA § 44-14-33 should be understood to mean that a security deed is "duly filed, recorded and indexed" only if the clerk responsible for recording determines, from the face of the document, that it is in the proper form for recording, meaning that it is attested or acknowledged by a proper officer and (in the case of real property) an additional witness. This construction...is also consistent with this Court's long standing case law, which holds that a security deed which appears on its face to be properly attested should be admitted to record, (citations omitted) but that a deed that shows on its face that it was "not properly attested or acknowledged, as required by statute, is ineligible for recording." (citation omitted).

289 Ga. at 15, 709 S.E.2d at 261. Accordingly, the court held that, though filed, a security deed without proper official and unofficial attestation did not provide constructive notice to subsequent bona fide purchasers.

This reasoning is equally applicable to the requirement that a security deed be signed by the maker. The clerk responsible for recording the security deed would be able to determine, from its face, that it was not signed by the maker as required by the statute and was thus ineligible to be recorded. Accordingly, even though recorded, the unsigned security deed at issue here did not provide constructive notice to a bona fide purchaser.

6

Relying on the cases of Gordon v. Terrance Mortg. Co. (In re Kim), 571 F.3d 1342 (11th Cir. 2009) and Kelley v. Wells Fargo Bank, N.A. (In re Perry), 565 B.R. 442 (Bankr. M.D. Ga. 2017), Defendant argues that, when construed together, the Waiver and Closing Attorney's Affidavit cure any defect in the security deed because the Waiver is properly signed and attested and the Affidavit affirms that Debtor and Rice signed the security deed. However, as Trustee points out, both In re Kim and In re Perry involved the application of O.C.G.A. § 44-2-18 to security deeds with attestation problems.[4]  O.C.G.A. § 44-2-18 provides:

> If a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers names in Code Section 44-2-15 and shall testify to the execution of the deed and its attestation according to law.  A substantial compliance with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud.

The courts in In re Kim and In re Perry were addressing the issue of whether the documents, when construed together, provided "substantial compliance with the requirements of" section 44-2-18.  Nothing in this Code Section or any other statute provides for the curing of a recordation defect resulting from the security deed not being signed by the maker. Accordingly, the reasoning of In re Kim and In re Perry is inapplicable to the facts of this case.

Defendant also argues that, even if the unsigned security deed does not provide constructive notice, the fully executed, attested and recorded Waiver provides "inquiry

---

[4] In In re Kim, the attestation page failed to include a notary seal.  In re Perry involved a security deed where the notary signed under the term "Acknowledgment" on a page separate from the signature page for the maker and unofficial witness.

7

notice". As the court in <u>Municipal Corr., LLC v. UMB Bank, N.A. (In re Municipal Corr., LLC)</u>, 501 B.R. 119 (Bankr. N.D. Ga. 2013) explained:

> Georgia law provides that a purchaser takes property free of a prior unrecorded interest unless the purchaser had actual or constructive notice of it or if the circumstances give rise to a duty of inquiry that would have led to the discovery of the prior interest, so-called "inquiry notice." Because a bankruptcy trustee's rights under § 544(a)(3) are not subject to anyone's actual notice of an unrecorded interest, determination of the issues here involves only constructive and inquiry notice. A bankruptcy trustee cannot avoid an unrecorded interest in real estate if the unrecorded interest is nevertheless effective under state law principals of constructive or inquiry notice.
>
> Under Georgia law, "[a] purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title." <u>Virginia Highland Civic Ass'n, Inc. v. Paces Properties, Inc.</u>, 250 Ga. App. 72, 74, 550 S.E. 2d 128 (2001). When a deed is recorded, the recordation not only is constructive notice of the recorded deed, but also is notice of all other deeds referenced by the recorded deed and their contents. <u>E.g.</u>, <u>Commodity Credit Corp. v. Wells,</u> 188 Ga. 287, 291, 3 S.E. 2d 642, 644 (1939). A document recorded outside the chain of title, however, does not impart constructive notice. <u>Id.</u> (citing <u>Middle Georgia Realty, Inc. v. IDS Homes, Inc.</u>, 231 Ga. 57, 59, 200 S.E. 2d 141, 143 (1973); <u>McCandless v. Yorkshire Guarantee & Securities Corp. Ltd.</u>, 101 Ga. 180, 28 S.E. 663 (1897)).

The chain of title for real property includes all recorded instruments that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument. <u>E.g.</u>, <u>SunTrust Bank v. Equity Bank, S.S.B.</u>, 312 Ga. App. 644, 645, 719 S.E. 2d 539, 540 (2011) (citing <u>VATACS Group, Inc. v. HomeSide Lending, Inc.</u>, 276 Ga. App. 386, 623 S.E. 2d 534 (2005).

> The concept of inquiry notice "imputes knowledge of an earlier interest to a later purchaser of an interest in land whenever there is '[a]ny circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry.'" <u>In re Hedrick</u>, 524 F.3d 1175, 1183 (11th Cir. 2008) (applying Georgia law) (quoting <u>Page v. Will McKnight</u>

8

>> Constr., Inc., 282 Ga. App. 571, 639 S.E.2d 381 (2006)).
>
> Georgia law also charges a purchaser with notice of any fact that would be found after such inquiry. O.C.G.A. § 23-1-17 codifies this principle:
>
>> Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have lead. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties.
>
>> If the duty to inquire is triggered, a purchaser is deemed to have notice of everything that an inquiry would have uncovered. E.g., Deljoo v. SunTrust Mortg., Inc., 284 Ga. 438, 439, 668 S.E. 2d 245, 246 (2008). If a subsequent purchaser does not make an inquiry or explain why the inquiry would have been futile, "it will be presumed that due inquiry would have disclosed the existent facts." Hinson v. Bridges, 218 Ga. 6, 10, 126 S.E. 2d 226, 228 (1962).

501 B.R. at 131-33.

The identical argument made in this case by Defendant was made by the lender in the case of Wells Fargo Bank, N.A. v. Gordon, 292 Ga. 474, 477-78, 749 S.E. 2d 368 (2013). That case began as a bankruptcy case in the Northern District of Georgia, Gordon v. Wells Fargo Bank, N.A. (In re Codrington), 430 B.R. 287 (Bankr. N.D. Ga. 2009). The case involved a recorded security deed that had not been attested by an unofficial witness. However, as in the case at bar, a fully executed and attested waiver had been recorded contemporaneously with the security deed. The inquiry notice argument was made in the bankruptcy court.

The bankruptcy court rejected the argument on the grounds that the waiver in that case was not the type of document which could be recorded under Georgia law. Id. at 298-99. Accordingly, the bankruptcy court held that the waiver was not "in the chain of title" and thus

did not charge the trustee with inquiry notice. Id. at 299. The Eleventh Circuit, on appeal, certified to the Supreme Court of Georgia the issues of whether (1) the security deed filed without the signature of an unofficial witness provided constructive notice under O.C.G.A. § 44-14-33, and, if not, (2) whether the waiver provided inquiry notice. Wells Fargo Bank, N.A. v. Gordon (In re Codrington), 691 F.3d 1336 (11th Cir. 2012). As to the first issue, the Supreme Court held that the security deed did not provide constructive notice. As to the second issue, the court held:

> In this case, while the waiver identified the lender and grantors (debtor and co-debtor), it only generically references a security deed and fails to identify or describe the property purportedly to be conveyed or encumbered by the referenced security deed. In the total absence of identification or description of the property subject to the security deed, the waiver itself would not place a bona fide purchaser on notice that he should make further inquiry.

292 Ga. at 477-78, 749 S.E. 2d at 371.

Similarly, in the case of National City Mortg. v. Gordon, (In re Bennett), 520 F. Appx. 828 (11th Cir. 2013), the lender argued that the recorded waiver provided inquiry notice of a recorded security deed which did not contain the signature of the unofficial witness. Relying on Wells Fargo, the court held:

> The only question that remains for us to decide, then, is whether the wavier in this case contains a sufficient description of the property encumbered by the security deed. The waiver identifies the borrower, the lender, and the loan amount and states the loan is "secured by property located in land lot(s) 101, 2nd district, Henry County, Georgia." According to an assertion in the Trustee's brief, which National City has not disputed, land lot 101 in the 2nd district does not identify just one address; it encompasses parts of at least three neighborhoods. Accordingly, the description is "manifestly too meager, imperfect, or uncertain to serve as adequate means of identification" and therefore does not provide inquiry notice of

the security deed. [citing Wells Fargo Bank, 292 Ga. at 477].

520 F. Appx. at 829.

This court disagrees with the conclusion of the bankruptcy court in In re Codrington that a properly executed and attested waiver is not recordable. Such a conclusion elevates form over substance. Georgia law provides for the recordation of deeds. O.C.G.A. § 44-2-2(a)(1). The Waiver in this case states that it "is incorporated into and shall be deemed to amend and supplement...the Security Deed." Accordingly, notwithstanding its title, the Waiver, in substance, is an amendment to the security deed, and thus, a deed, which is a recordable document under Georgia law.

Neither the Georgia Supreme Court in Wells Fargo Bank, nor the Eleventh Circuit in In re Bennett based its holding on a ruling that the waiver was unrecordable under Georgia law. Rather, they ruled that the waivers did not provide inquiry notice because of insufficient property descriptions in the waivers. In this case, however, the Waiver provides a definite description of the property (141 Morton RD, Kathleen, Georgia 31047). Under Georgia law, a postal address provides a legally sufficient description. Swan Kang, Inc. v. Kang, 243 Ga. App. 684, 688, 534 S.E. 2d 145, 148-49 (2000). Accordingly, the properly executed, attested and recorded Wavier provided inquiry notice to a subsequent purchaser. Had that purchaser done further inquiry, by contacting Debtor or Defendant, the purchaser would have discovered the existence of Defendant's interest encumbering the land.

Trustee argues that, because the security deed does not have the signature page, the deed, as between the parties, is unenforceable.[5] However, subparagraphs (A) and (H) of the

---

[5] To the extent that Trustee argues that the security deed, without the signature of debtor, is unenforceable because it is nonrecordable, such argument misstates the law. "A

security deed reference and incorporate the Waiver and the Waiver references and incorporates the security deed.  As previously stated, the Waiver is properly signed and attested.  Accordingly, as between the parties, the security deed is enforceable.  Cf., Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co., 213 Ga. App. 481, 482, 445 S.E. 2d 297 (1994) (an unsigned personal guarantee was enforceable against the guarantor, where the guarantee referred to an addendum and the addendum, which was signed by the guarantor, referred to the personal guarantee.)

In conclusion, the security deed and Waiver are effective under Georgia law to provide inquiry notice to a subsequent purchaser.  Accordingly, Trustee does not qualify as a bona fide purchaser of real property under 11 U.S.C. § 544(a)(3) and Trustee's motion for summary judgment is denied.

*END OF DOCUMENT*

---

deed not executed in precisely the manner prescribed in OCGA § 44-5-30 is not properly recordable and therefore does not give constructive notice to all the world.  As between the parties themselves, however, the deed is valid and binding..." Duncan v. Ball, 172 Ga. App. 750, 752, 324 S.E. 2d 477, 479  (1984).